IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Johnson, Jr., #211574, | Case No.: 1:18-cv-324 |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| David M. Pascoe, Jr.; Timothy M. Wogan; Melissa M. Milligan-Kirby; Gail Lovell; Isaac McDuffie Stone, III; Phillip Foot; Brian Chapman; Angela Mc-Call Turner; and Howard P. King, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 9) recommending that the Court dismiss the complaint without issuance of service of process. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

I. **Background and Relevant Facts**

Plaintiff Nathaniel Johnson Jr. is an inmate currently confined at the Allendale Correctional Institution. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights by former prosecutors David M. Pascoe, Jr., Timothy M. Wogan, Melissa M. Milligan-Kirby, and Gail Lovell; solicitor Isaac McDuffie Stone, III; prosecutor Angela McCall-Tanner; former director of Beaufort County Detention Center, Phillip Foot; Beaufort County Sheriff's Office Investigator Brian Chapman, and retired Judge Howard P. King.

The Magistrate Judge has thoroughly summarized Plaintiff's allegations in the R. & R. (Dkt. No. 9 at 2-4.) The Magistrate Judge determined that (1) Plaintiff's claims are all barred by the statute of limitations because they concern events that occurred in 2007 and earlier (*Id.* at 5); (2) Plaintiff's claims against Judge King should be dismissed because he is entitled to judicial immunity (*Id.* at 6); (3) Plaintiff's claims against current and former prosecutors Stone, Milligan-Kirby, Lovell, and McCall should be dismissed because they are entitled to prosecutorial immunity (*Id.* at 6-7); (4) Plaintiff's Fourth Amendment claims against Chapman and Foot are barred by the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477 (1994), because a judgment in Plaintiff's favor on those claims would render his conviction invalid (*Id.* at 7-8); and (5) defendants Pascoe and Wogan should be summarily dismissed from this action because Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to Pascoe and Wogan (*Id.* at 8-9).

## II. Legal Standard

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. Discussion

Plaintiff has filed Objections to the R. & R. (Dkt. No. 11.) However, Plaintiff does not make any specific Objections to the Magistrate Judge's factual and legal determinations and recommendations. Instead, Plaintiff "makes his motion for recusal of both the United States Magistrate Judge Shiva V. Hodges, and the United States District Judge Richard M. Gergel . . . based upon their knowledge of the proceedings, reasonable appearance of bias, actual bias of their interest in the controversy to be decided, and based upon the decision to decide without my consent in which the Plaintiff never receive any consent forms from the Clerk of Court, noted as a requirement Local Civ. Rule 73.03(A),(B), & (C)." (Dkt. No. 11 at 2.)

First, Plaintiff's allegation that both Magistrate Judge Shiva V. Hodges and this Court are "disqualified by their interest in [the] controversy to be decided" is conclusory. Plaintiff does not identify any alleged interest of Judge Hodges or this Court in the adjudication of his Section 1983 action, and the Court is not aware of any. Second, Plaintiff's argument that he never consented to the Magistrate Judge's review of his Section 1983 complaint is unavailing. Plaintiff cites to Local Civil Rule 73.03(A) which allows parties to consent to "have a Magistrate Judge conduct any and all proceedings in the case and order the entry of a final judgment." That provision is not applicable in this case. Instead, under Local Civil Rule 73.02(B)(2)(d), "[a]ll pretrial proceedings in prisoner petitioners for relief under 42 U.S.C. § 1983" are subject to automatic referral to a full-time Magistrate Judge. Under this rule, Plaintiff's Section 1983 complaint was automatically assigned to a Magistrate Judge, and that assignment did not require the consent of any party to this action.

In the absence of any specific objections to the R. & R., "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 9) as the order of the Court. The complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March ____, 2018
Charleston, South Carolina